IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CLYDE HUTCHINSON | § | |
| v. | § | CIVIL ACTION NO. 2:05cv178 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Clyde Hutchinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hutchinson was convicted of burglary in the 71st Judicial District Court of Harrison County, Texas, on December 10, 1999, receiving a sentence of 20 years in prison. He took a direct appeal and sought discretionary review from the Texas Court of Criminal Appeals, which was denied, and he also filed a state habeas corpus petition, which was denied without written order on August 25, 2004. He says that he was denied an impartial jury, that he received ineffective assistance of counsel, and that he was denied due process in the context of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).

The Magistrate Judge initially issued a Report recommending dismissal of the petition as barred by the statute of limitations, but Hutchinson objected, saying that he did not receive notice of the decision of the Texas Court of Criminal Appeals, denying his state habeas petition, until April of 2005. The Magistrate Judge then withdrew the report and ordered the Respondent to answer the petition.

1

The Respondent answered and said that although Hutchinson furnished a copy of a letter he received from the Court of Criminal Appeals in April of 2005, this did not mean that Hutchinson did not receive notice at an earlier date. The Respondent furnished a copy of mail logs showing that Hutchinson had received correspondence from the Court of Criminal Appeals in September of 2004, less than a month after the decision was issued denying the state habeas petition. Hutchinson contended that the mail log did not show that what he had received was in fact the notice of denial, but the state court record does not show, nor did Hutchinson allege, that the Court of Criminal Appeals sent him any other correspondence, in this or any other proceeding, other than the notice of denial of his state habeas petition.

After review of the pleadings and records, the Magistrate Judge issued a Report on February 8, 2006, recommending that Hutchinson's petition be denied. The Magistrate Judge observed that Hutchinson's petition was facially barred by limitations unless he could show that the limitations period should be equitably tolled because a delay in receiving notice of the disposition of his state habeas petition. While Hutchinson raised this argument, it was rejected by the Magistrate Judge, who noted that according to the Fifth Circuit, the party seeking to establish tolling has the burden of showing facts in favor of tolling by a preponderance of the evidence. Phillips v. Donnelly, 216 F.3d 508, *modified in part on rehearing* 223 F.3d 797 (5th Cir. 2000); *see also* United States v. Marshall, 856 F.2d 896, 899 (5th Cir. 1988). The Magistrate Judge concluded that Hutchinson had failed to meet his burden of proof; the records showed that he received correspondence from the Court of Criminal Appeals on September 20, 2004, and he points to nothing which this notice could be other than the notification that his state habeas petition was denied. Although Hutchinson argued that the Respondent did not show that he had received notice, the Magistrate Judge stated that this argument misplaced the burden of proof. The Magistrate Judge therefore recommended that Hutchinson's petition be dismissed as barred by the statute of limitations.

Hutchinson received a copy of the Magistrate Judge's Report on or before February 27, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the

district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Magistrate Judge's Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 17th day of May, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE